**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel Antonio Rocha-Gonzalez,<br>Petitioner,<br>v.<br>Eric Rokosky, et al,<br>Respondents. | No. CV-26-05137-PHX-MTM<br>**ORDER** |

Petitioner Manuel Antonio Rocha-Gonzalez, who is confined in the Eloy Detention Center, has filed a pro se Petition Under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)

## I. SUMMARY OF CONCLUSION

Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a) by the Department of Homeland Security Immigration and Customs Enforcement and has been detained since June 3, 2026. On July 13, 2026, an Immigration Judge conducted a bond hearing and denied release based on danger and flight risk. Petitioner contends that his continued detention violates due process because the bond hearing was constitutionally deficient. Although the IJ inadequately explained the flight-risk finding, the Court concludes that the danger determination independently supports the denial of bond and that Petitioner has not established a constitutional entitlement to another hearing. The Court will deny and dismiss the Petition for Writ of Habeas Corpus with prejudice.

\\\

## II. BACKGROUND

Petitioner, a citizen of Mexico, entered the United States on August 18, 2011, as a nonimmigrant Border Crosser with authorization to remain in the United States for a temporary period not to exceed six months. (Doc. 1-1.) The record reflects that on June 3, 2026, Petitioner was driving his vehicle when he was pulled over and, subsequently, arrested by U.S. Immigration and Customs Enforcement (ICE). (*Id.*) He was placed in ICE custody and issued a Notice to Appear charging him as removable pursuant to section 237(a)(1)(B) as someone who remained in the United States without authorization for a time longer than permitted. (*Id.*)

Petitioner requested a custody redetermination hearing pursuant to 8 C.F.R. § 1236. (*Id.*) On July 13, 2026, after full consideration of the evidence presented, an Immigration Judge denied Petitioner's request for a change in custody status, finding Petitioner failed to meet his burden of establishing that he was not a flight risk. (*Id.*) Furthermore, the IJ found that Petitioner is a danger in that he has: (1) a conviction for driving on a suspended license, (2) given a false police report, and (3) shown disregard for the laws of the United States. (*Id.*) The record reflects that an appeal is currently pending before the BIA.

## III. PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

In his Petition, Petitioner claims that his continued detention violates due process because the bond proceeding was constitutionally deficient.[1] (Doc. 1.) Respondents filed a Response and Petitioner filed a Reply. (Docs. 7, 8.)

---

[1] Petitioner also claims that immigration officers violated his Fourth Amendment rights against unreasonable searches and seizures. (Doc. 1.) Petitioner seeks release from custody. (*Id.*) Even assuming the arrest violated the Fourth Amendment, that violation would not, standing alone, entitle Petitioner to release from otherwise lawful immigration custody. The remedy for an unlawful arrest in violation of the Fourth Amendment is suppression of evidence, not release from custody. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040-41 (1984); *United States v. Garcia-Beltran*, 443 F.3d 1126, 1131-32 (9th Cir. 2006); *see also Martinez-Medina v. Holder*, 673 F.3d 1029, 1033-34 (9th Cir. 2010) (exclusionary rule applies in civil removal proceedings only when the Fourth Amendment violation is egregious). Accordingly, the Court will deny the Petition to the extent it seeks release based solely on the alleged Fourth Amendment violation.

## IV. DISCUSSION

The district court is empowered to issue a writ of habeas corpus where an individual is held "in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). The language of § 2241 and "the common-law history of the writ" makes clear "that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (noting that the writ of habeas corpus "was early recognized by [the Supreme] Court as a 'great constitutional privilege'"). The Supreme Court has made clear that § 2241 applies to noncitizens challenging their immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

Because Petitioner challenges his continued civil detention, the Court has jurisdiction to address the instant Petition. *See Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of the removal order . . . .").

Section 1226(a) establishes the default framework governing discretionary immigration detention pending removal proceedings. Under that provision, DHS may arrest and detain a noncitizen and may release the individual on bond or conditional parole. 8 U.S.C. § 1226(a); *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). Unlike other immigration detention statutes, § 1226(a) provides substantial procedural protections. Specifically, § 1226(a) and its implementing regulations provide "several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202-03 (9th Cir. 2022). These multiple layers of review distinguish § 1226(a) from other detention provisions and significantly reduce the risk of erroneous detention.

Applying the three-factor balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court concludes that Petitioner has not established that his continued detention violates due process or that an additional bond hearing is constitutionally required at this time.

As to the first factor, Petitioner's private interest in freedom from physical restraint is substantial. Freedom from imprisonment lies at the core of the liberty protected by the Due Process Clause, and the Ninth Circuit has characterized this interest as "fundamental." *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017). Petitioner has remained in ICE custody since June 3, 2026, and the Court recognizes the significant restraint that continued detention imposes. This factor therefore weighs in Petitioner's favor.

The second factor – the risk of an erroneous deprivation of liberty and the probable value of additional procedural safeguards – favors Respondents. Petitioner received an individualized bond hearing on July 13, 2026, after which the IJ denied release based on danger and flight risk. Petitioner argues that the IJ's order neither summarizes the record evidence nor discusses his claim for relief from removal or the evidence submitted in support of bond. He contends that the order instead repeats generalized, materially identical language and offers conclusory findings without an individualized analysis.

Based on the information submitted with the parties' briefing, the Court agrees that the flight-risk determination is inadequately explained. The one-page Order of the IJ submitted as an exhibit to Petitioner's habeas petition offers no insight into what evidence he heard or considered, or what analysis he conducted to reach his flight-risk finding. Merely stating that Petitioner failed to establish that he was not a flight risk does not explain the basis for that conclusion. The Court therefore does not rely on the flight-risk finding in considering Petitioner's claim.

The IJ did, however, provide sufficient reasoning for the separate finding of danger. Specifically, the IJ identified Petitioner's conviction for driving on a suspended license, his having given a false police report, and his disregard for the laws of the United States. (Doc. 1-1.) Although brief, this explanation identifies conduct particular to Petitioner and makes

clear the grounds on which the IJ relied. *See, e.g.*, *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1008 (9th Cir. 2025) (noting that, although the agency "must consider all of the evidence before it," it need not "individually identify and discuss every piece of evidence in the record") (cleaned up).

The Court finds that the IJ's danger determination independently supports the denial of bond. An IJ should consider release on bond only after determining that the noncitizen would not pose a danger to persons or property. *See Rodriguez Diaz*, 53 F.4th at 1209-10 (9th Cir. 2022) (no deprivation of due process where petitioner received a bond hearing but was denied bond upon a finding that he was likely a potential danger to community). Thus, a more complete explanation of flight-risk would not eliminate the separate basis for continued detention. On this record, the shortcomings in the flight-risk explanation do not establish that another hearing is constitutionally required.

Further, additional administrative safeguards remain available. The record reflects that an appeal is pending before the BIA, and Petitioner may request another custody redetermination upon a showing that his circumstances have materially changed. *See* 8 C.F.R. § 1003.19(e)-(f). These procedures provide opportunities for review of Petitioner's custody determination and renewed consideration if the circumstances supporting detention materially change.

The third factor also favors Respondents. The government has substantial interests in protecting the public, ensuring Petitioner's appearance at immigration proceedings, and securing his availability for removal if ultimately ordered. *See Rodriguez Diaz*, 53 F.4th at 1208. Here, the public-safety interest is directly implicated by the IJ's finding of danger. Although another hearing would impose a relatively modest administrative burden, Petitioner has already received a hearing resulting in a danger determination. Given this independent ground for detention coupled with the available avenues of administrative review, the probable additional benefit of another hearing based on the same circumstances addressed here is limited.

Balancing the factors, the Court concludes that Petitioner has not established an

entitlement to another bond hearing. Although the IJ did not adequately explain the flight-risk finding, the separately explained danger determination independently supports the denial of bond on the record presented.

## V. CONCLUSION

For these reasons, the Court finds that Petitioner has not established a due process violation requiring another bond hearing at this time. The Petition will be denied and dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that any pending motions are denied as moot and the Clerk of Court shall enter judgment and close this case.

Dated this 16th day of November, 2026.

Michael T. Morrissey

Honorable Michael T. Morrissey
United States Magistrate Judge